UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE ROY DUHANEY | : | Civil Action No. 4:09-CV-00366 |
| Petitioner, | : | (Judge McClure) |
| v. | : | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States, and JANINE DONATE, in her official capacity as Warden of Lackawanna Prison, | : | |
| Respondents. | : | |

**MEMORANDUM**

September 30, 2009

**BACKGROUND:**

Maurice Roy Duhaney, an inmate presently confined in the Lackawanna County Prison, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as respondents are the United States Department of Homeland Security (hereinafter "DHS"), the Bureau of Immigration and Customs

Enforcement (hereinafter "ICE"), Eric H. Holder, Jr., and Janine Donate.

Petitioner brought the instant habeas petition to challenge his detention in immigration custody. §2241 is the proper vehicle for individuals alleging that they are being illegally detained in immigration custody. See Zadvydas v. Davis, 533 U.S. 678, (2001). Petitioner asserts that he has exhausted his administrative remedies, and respondent does not contest this assertion. Petitioner also currently has a "petition for review of final order of removal" pending in the Third Circuit. See Case No. 08-2349.

**FACTUAL BACKGROUND:**

Duhaney, a citizen of Jamaica, was born in Jamaica in 1965. In 1973, he was admitted to the United States and became a lawful permanent resident. He has resided in the United States since 1973.

In September 1985, Duhaney was convicted of manslaughter in the second degree and criminal possession of a weapon in the second degree. In October 1985, Duhaney was convicted of criminal sale of a controlled substance in the third degree. Duahney was sentenced to consecutive terms of imprisonment of 5 to 15 years; and was released from prison in 1995.

Based on Duhaney's conviction for the criminal sale of a controlled

substance, on June 24, 1986, the Immigration and Naturalization Service[1] (hereinafter "INS") served an order to show cause why Duhaney should not be deported. On August 20, 1993, the immigration judge found that Duhaney was deportable, but granted a waiver of deportation pursuant to § 212(c) of the Immigration and Naturalization Act (hereinafter "INA").

On September 25, 1998, Duhaney pled guilty to criminal possession of a controlled substance in the third degree. On March 24, 2000 judgment was entered convicting Duhaney of that crime and a term of imprisonment of 4 to 9 ½ years was imposed.

Based on Duhaney's 1998 conviction for the criminal possession of a controlled substance, on March 25, 2004, DHS served a Notice to Appear on Duhaney charging him with removal from the United States. On October 6, 2004, the immigration judge ordered Duhaney's removal based on Duhaney's March 24, 2000 conviction. On January 18, 2005, the Board of Immigration Appeals (hereinafter "BIA") affirmed the decision, without opinion.

On August 9, 2006, Duhaney's March 24, 2000 conviction (which predicated removal) was vacated and the indictment was dismissed with prejudice.

On December 4, 2006, Duhaney filed a Motion to Reopen and Terminate

---

[1]The INS was a predecessor agency of DHS and ICE.

Removal Proceedings based on the grounds that the conviction predicating removal was vacated and dismissed with prejudice.

On December 6, 2006, DHS-ICE filed a motion to remand and reopen the removal proceedings. The motion requested that the BIA remand the proceedings to the Immigration Court so that the previous removal order could be terminated because of the vacated predicate crime. The motion further requested that the order of removal be rescinded without prejudice for DHS-ICE to file a new Notice to Appear based on Duhaney's "other, separate and distinct" criminal convictions. The BIA granted the motion and remanded the record to the Immigration Judge.

On remand, DHS-ICE filed additional charges of deportability based on Duhaney's 1985 convictions for manslaughter in the first degree, criminal possession of a weapon in the second degree and criminal sale of a controlled substance in the third degree. The charges went on to state that in 1986 Duhaney was served with an Order to Show Cause and subjected to deportation proceedings based on his conviction for illicit trafficking in a controlled substance, but Duhaney was granted a waiver by the Immigration Judge under § 212(c) of the Immigration and Nationality Act.

Petitioner moved to terminate the proceedings, but the motion to terminate was denied. On December 20, 2007, an immigration judge ordered Duhaney's

removal. The BIA denied Duhaney's appeal.

On May 7, 2008, Duhaney filed a petition for review of the BIA's decision with the Third Circuit. On July 7, 2008, the Third Circuit granted a stay of removal. As of the date of this Memorandum and Order, the petition for review of the final order of removal has been fully briefed in the Third Circuit, but no oral argument has been scheduled.

On December 2, 2008, ICE rendered a decision that continued Duhaney's detention. Duhaney was scheduled for custody review on July 22, 2009. Neither party has submitted the decision made by ICE after the July 22, 2009 custody review. However, the court presumes that Duhaney's detention was continued, as counsel for Duhaney sent the court a letter attaching five recent cases on September 9, 2009.

**DISCUSSION:**

Duhaney brings this petition for writ of habeas corpus on the grounds that his detention is in violation of the INA, that detention of petitioner violates his substantive due process rights, and that the laws and regulations governing detention of aliens, facially and as applied to petitioner, violate procedural due process rights.

5

## 1. Statutory Authority for Detention

The immigration judge found three bases for ordering Duhaney's removal. First, the immigration judge found that Duhaney is an alien "convicted of two or more crimes involving moral turpitude. . ." 8 U.S.C. § 1227(a)(2)(A)(ii). Second, the immigration judge found that Duhaney is an alien "convicted of an aggravated felony. . ." 8 U.S.C. § 1227(a)(2)(A)(iii). Finally, the immigration judge found that Duhaney is an alien "convicted under any law of . . . using, owning, possessing, or carrying. . . a firearm or destructive device in violation of any law. . ." 8 U.S.C. § 1227 (a)(2)(C).

The government asserts that Duhaney's detention is authorized by 8 U.S.C. § 1231(a). § 1231(a) is the post-order detention and removal statute. Duhaney also argues that § 1231 applies, but because Duhaney falls into a loophole in the statute, detention is therefore not authorized. Duhaney argues in the alternative that if we were to find that 8 U.S.C. § 1226 were to apply, we should still grant the petition for relief and order a detention hearing.

We find that § 1231 does not apply to Duhaney's detention. Following the precedent set forth by both the Third and Ninth Circuits, as Duhaney's removal order was stayed by the circuit court and a final order of removal has not been issued, we find that § 1226(a) applies to Duhaney's detention. See Vasquez v.

Immigration and Customs Enforcement, 160 Fed. Appx. 199, (3d Cir. 2005) (unpublished); Castellanos v. Holder, 2009 U.S. App. LEXIS 15882 (3d Cir. 2009) (unpublished); Casas-Castrillon v. Department of Homeland Security, 535 F.3d 942 (9th Cir. 2008).

§ 1231's detention authorization applies during the "removal period." 8 U.S.C. § 1231. "The removal period begins on the latest of the following: (I) [t]he date the order of removal becomes administratively final[,] (ii) [i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order[,] (iii) [i]f the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement." 8 U.S.C. § 1231(a)(1)(B). Duhaney argues that because he does not fall into any of these three categories, there is no authority for his detention. While it is true that Duhaney's detention does not fall into any of these three categories, it is not true that there is no detention authority for Duhaney.

Following Third Circuit and Ninth Circuit precedent, we find that the removal period has not yet begun for Duhaney. When a circuit court has granted a stay of removal, "the removal period under § 1231(a) does not begin until [the circuit court] denies the petition and removes the stay of removal." Casas-Castrillon, 535 F.3d at 947, see also Vasquez v. Immigration and Customs

7

Enforcement, 160 Fed. Appx. 199, (3d Cir. 2005) (unpublished) (finding that when a stay of removal is pending, the removal period has not yet begun); and Castellanos v. Holder, 2009 U.S. App. LEXIS 15882 (3d Cir. 2009) (unpublished) (finding that when removal is stayed, § 1226(a) authorizes detention). Duhaney's removal period will not begin until, and unless, the Third Circuit would issue a final order of removal. Accordingly, Duhaney's detention is not governed by § 1231.

This is where Duhaney's "loophole" argument that there is no statutory authority for his detention fails. Although § 1231 does not apply to his detention as the removal period has not yet begun, there is another subsection of the INA that authorizes detention of deportable aliens - 8 U.S.C. § 1226. Having determined that § 1231 does not govern Duhaney's detention, we must determine which subsection of § 1226 does apply. § 1226 presents two options - Duhaney's detention is authorized under § 1226(c), which requires mandatory detention of criminal aliens; or detention is authorized under § 1226(a) which gives the Attorney General[2] discretionary authority to detain an alien pending a removal

---

[2] The Homeland Security Act of 2002 transferred most immigration authority from the Attorney General to the Secretary of Homeland Security. See Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135. However, since the term "Attorney General" is used throughout the statute and in case law, we will continue to use the term Attorney General for clarity's sake.

decision. "1226(c) was intended to "govern[] detention of deportable criminal aliens pending their removal proceedings."" Casas-Castrillon, 535 F.3d at 948, citing Demore v. Kim, 538 U.S. 510, 123 S. Ct. 1708, 155 L. Ed. 2d 724 (2003). "The Department of Homeland Security has similarly interpreted § 1226(c) to apply only "during removal proceedings. "" Casas-Castrillon, 535 F.3d at 948, citing 8 C.F.R. § 236.1(c)(1)(I). "The "conclusion of proceedings" occurs upon the dismissal of the alien's appeal by the BIA." Id. citing § 1241.1(a). Because Duhaney's removal proceedings concluded when the BIA dismissed his appeal, the Attorney General's authority to detain him under § 1226(c) ended and that authority shifted instead to § 1226(a). See Casas-Castrillon, 535 F.3d at 948.

Accordingly, Duhaney's detention is currently authorized under the Attorney General's general, discretionary detention authority under § 1226(a). "Section 1226(a) authorizes the Attorney General to detain an alien "pending a decision on whether the alien is to be removed from the United States."" Casas-Castrillon, 535 F.3d at 948. "[I]t is reasonable to consider the judicial review of a removal order as part of the process of making an ultimate 'decision' as to whether an alien 'is to be removed.'" Id. (internal citations omitted). "[T]he Attorney General's detention authority rests with § 1226(a) until the alien enters his "removal period," which occurs only after [the circuit court] ha[s] rejected his final petition for review or his

9

time to seek such review expires." Id. (internal citations omitted).

## 2. Habeas Corpus Relief

Having determined that § 1226(a) governs Duhaney's detention, we next must determine if Duhaney is entitled to any habeas corpus relief.

Duhaney argues that no provision of the INA authorizes his detention, and in the alternative, that no provision of the INA authorizing detention without a bond hearing apply to him. As previously discussed, we have determined that § 1226(a) currently authorizes Duhaney's detention, thus rejecting petitioner's argument that the government has violated the INA.

Duhaney also argues that his substantive due process rights have been violated by his "prolonged and indefinite" detention. There is nothing[3] that would prevent Duhaney's removal if he is ultimately unsuccessful in his petition for review. Again, we follow the lead of Casas-Castrillon, 535 F.3d at 949. Because Duhaney faces a significant likelihood of removal to Jamaica once the judicial review process is complete, and there is no foreseeable impediment to his deportation, we find that the government retains an interest in "assuring [Duhaney's] presence at removal, and his continued detention remains authorized

---

[3]Although Duhaney's travel documents have expired, we will adopt the position of the government, a position petitioner has not challenged, that there is no foreseeable impediment to obtaining new travel documents.

by Congress. Id. citing Zadvydas v. Davis, 533 U.S. 699, 683, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001). Duhaney's detention is not indefinite. Duhaney's removal order is still pending in the Third Circuit. Duhaney's detention has a cease date, which will occur shortly after the Third Circuit renders its decision. Accordingly, we find no substantive due process violation.

Duhaney's final argument is that his procedural due process rights have been violated as he has not received adequate procedural protections. Although we have determined that Duhaney's detention is authorized, we find, as the Ninth Circuit did, that "there is a difference between detention being authorized and being necessary as to any particular person." Casas-Castrillon, 535 F.3d at 949. "The government may not detain a legal permanent resident such as [Duhaney] for a prolonged period without providing him a neutral forum in which to contest the necessity of his continued detention." Id. Duhaney has been detained for more than three-years while the various removal proceedings have taken place. Detention was mandatory under § 1226(c) until December 20, 2007 when the BIA denied Duhaney's appeal. Detention authority then shifted to § 1231(a)(1)(B)(I) when the removal period began. However, when the Third Circuit issued a stay of removal on July 7, 2008, detention authority shifted to § 1226(a). Accordingly, Duhaney has been in detention pursuant to § 1226(a) for 14 months. As no oral

argument has been scheduled in the Third Circuit, detention could last potentially another 6 or more months before the Third Circuit enters a final order. Duhaney should be afforded the procedural protections offered by § 1226(a). Prolonged detention pending judicial review of a final order of removal without an individualized determination of the necessity of detention before a neutral decision maker raises serious constitutional concerns. See Zadvydas v. Davis, 533 U.S. 699, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), see also Casas-Castrillon v. Department of Homeland Security, 535 F.3d 942 (9th Cir. 2008). § 1226(a) provides authority for the Attorney General to conduct a bond hearing and release the alien on bond or detain him if necessary to secure his presence at removal. The Ninth Circuit construed § 1226(a) as requiring the Attorney General to provide the alien with such a hearing. See Casas-Castrillon, 535 F.3d at 951. "Thus, an alien is entitled to release on bond unless the government establishes that he is a flight risk or will be a danger to the community." Id. (internal citations omitted).

We cannot ascertain from the record whether Duhaney has received a hearing in compliance with § 1226(a). Although Duhaney recently underwent a custody review, we have no idea what procedural protections were offered at that review. Accordingly, we will order the government to provide an appropriate hearing.

s/James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MAURICE ROY DUHANEY | : | Civil Action No. 4:09-CV-00366 |
| | : | |
| Petitioner, | : | (Judge McClure) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, ERIC H. HOLDER, JR., in his official capacity as Attorney General of the United States, and JANINE DONATE, in her official capacity as Warden of Lackawanna Prison, | : | |
| | : | |
| Respondents. | : | |

## ORDER

September 30, 2009

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Petition for Writ of Habeas Corpus (Rec. Doc. No. 1) is GRANTED as follows:

2. Within fourteen (14) days of the date of this order, Respondents shall provide Petitioner with a hearing before an immigration judge where if the

14

government wishes to continue detention of Petitioner, it shall have the burden of providing that Petitioner is a flight risk or a danger to the community; and

3. If a hearing is not held within fourteen (14) days, Respondents shall release Petitioner under reasonable supervision conditions.

s/James F. McClure, Jr.  
JAMES F. McCLURE, JR.  
United States District Judge